IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**REBECCA NELLE, as mother and next friend of**
**B.N., a minor**                                                                                              **PLAINTIFF**

v.                               **CASE NO. 5:21-CV-05158**

**HUNTSVILLE SCHOOL DISTRICT**                                                                **DEFENDANT**

ANSWER TO COMPLAINT

COMES NOW the Defendant, Huntsville School District (hereinafter the "Defendant" or "District"), and for its answer to the complaint of the Plaintiff, Rebecca Nelle, states:

1.   Defendant denies liability in this matter and denies each and every material allegation of the Plaintiff's complaint except as specifically admitted herein.

2.   Defendant denies the allegations in paragraph 1 of the complaint.

3.   Defendant is without sufficient information to address the allegations in paragraph 2 of the complaint, and therefore, they are denied. Defendant agrees that the name of B.N., as well as other persons whose initials are used in the complaint, must be disclosed to Defendant's counsel, which can be done under seal. In fact, it is Defendant's position that this entire complaint should have been filed under seal to protect all of the students involved, including the Plaintiff. To use initials in a public filing when referring to students who are a members of a finite and small number of students, such as a boys' basketball team in a small community like Huntsville, inappropriately and unlawfully violates the right of privacy of those students, all of whom are minors. The fact that the pleadings in this matter are not under seal

makes it impossible for the Defendant to properly address the allegations of the complaint without revealing student records protected by Family Educational Records and Privacy Act (FERPA) (20 U.S.C. Section 1232(g)) , without violating the Arkansas Child Maltreatment Act, Ark. Code Ann. Section 12-18-101, *et seq.*,and further violating the constitutionally protected rights of all students who are alleged to being involved in the matter.

4.   Defendant admits the allegations contained in paragraphs 3-4, 8, 13, and 14 of the complaint.

5.   To the extent that the allegations in paragraph 5 of the complaint assert liability on the part of the Defendant, those allegations are denied.

6.   Defendant admits venue is proper but to the extent that the allegations in paragraph 6 of the complaint assert liability on the part of the Defendant, those allegations are denied.

7.   Defendant is without sufficient information to address the allegations in paragraph 9 of the complaint, and therefore, they are denied.

8.   Defendant admits that Coach Houston resigned, for reasons known only to him. The remaining allegations of paragraph 16 of the complaint are denied.

9.   Regarding the allegations of paragraphs 7, 10, 11, 12, 15, 17-23, and 25 of the complaint, Defendant states it: (i) is without sufficient information; (ii) in many cases has information but cannot divulge such information; (iii) cannot reveal what punishment was meted out to any student; (iv) cannot reveal information related to matters that are currently being investigated pursuant to the regulations promulgated under Title IX; or (v) cannot comment without violating the right of privacy and the statutory protections due to students who are minors.   And therefore, for purposes of this answer, Defendant denies those allegations.

10. The Defendant denies the allegations in paragraphs 24, 26-29, and the "Wherefore" paragraph of the complaint.

11. Paragraph 30 of the complaint does not require a response.

12. Pleading affirmatively, the last three sentences of the paragraph 25 allege matters related to state law having nothing to do with the federal law claim being pursued by Plaintiff, and therefore, pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure, Defendant moves to strike them as being impertinent or immaterial.

13. Pleading affirmatively, numerous allegations contained in the complaint and Exhibits A and B contain information that is protected by the Family Educational Records and Privacy Act (FERPA) (20 U.S.C. Section 1232(g)) and the Arkansas Child Maltreatment Act, Ark. Code Ann. Section 12-18-101, *et seq.*, as well as the constitutional right of privacy of any students that may have been involved.  Subjecting any student to such public statements are salacious and scandalous.  Therefore, Defendant hereby moves those allegations contained in the complaint which violate the statutes and constitution, as well as the exhibits referenced therein be stricken under Rule 12(f) of the Federal Rules of Civil Procedure as being scandalous.

14. Pleading affirmatively, the injuries which Plaintiff alleges to have suffered occurred at the hands of third parties whose actions or liability cannot be imputed to the Defendant.

15. Pleading affirmatively, the Plaintiff has failed to join necessary parties in contravention of Rule 19 of the Federal Rules of Civil Procedure, and therefore, the complaint should be dismissed pursuant to Rule 12 (b) (7).

WHEREFORE, the Defendant prays that the Court strike the impertinent, immaterial, and scandalous portions of the Plaintiff's complaint; place the pleadings in this case under seal;

require all hearings regarding this matter be heard in closed session; deny the relief sought by the Plaintiff; award Defendant its attorney's fees; and for such other and further relief to which the Defendant may prove itself entitled.

        HUNTSVILLE SCHOOL DISTRICT, Defendant

        CROUCH, HARWELL, FRYAR & FERNER, PLLC
        Its Attorneys
        111 Holcomb Street
        P.O. Box 1400
        Springdale, AR 72765-1400
        (479) 751-5222
        charwell@nwa.law
        szega@nwa.law

          /s/ Charles L. Harwell
        Charles L. Harwell, Ark. Bar No. 82074
        Steven S. Zega, Ark. Bar. No. 93234

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 4th day of October, 2021, that a true and correct copy of the foregoing has been mailed to the following:

Joey McCutchen
Sam "Chip" Sexton, III
Stephen Napurano
McCutchen Sexton Napurano-The Law Firm
P.O. Box 1971
Fort Smith, AR 72902
(and via email to jmccutchen@mccutchenlawfirm.com)

    /s/ Charles L. Harwell