**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**REBECCA NELLE**
**Mother and Next Friend of B.N., a minor child**                                             **PLAINTIFF**

vs.                                        NO. 5:21-cv-05158

**HUNTSVILLE SCHOOL DISTRICT**
      **DEFENDANT**

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO LIMIT PRE-TRIAL PUBLICITY

COMES NOW the Defendant, Huntsville School District, by and through its undersigned attorneys, Charles L. Harwell and Steven S. Zega of Crouch, Harwell, Fryar & Ferner, PLLC, and for its Brief in Support of its Motion to Limit Pre-Trial Publicity, and would make known to the Court the following:

The Plaintiff's attorney in this case is attempting to try the case in the media.  "They've had children sexually assaulted in the school district multiple times," is but one quote on local news media from Plaintiff's counsel.  How that statement advances this litigation within the bounds of the Rules of Civil Procedure and Evidence is unclear to the Defendant.  However, it is clear that Plaintiff's counsel is talking to the press about the merits of this case before a witness has been deposed or a document has been exchanged.  He is also governed by Ark. R. Prof. Cond. 3.6, providing, among other things, as follows:

> **(a)** A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter. A statement referred to in this paragraph ordinarily is likely to have such an effect when it refers to a civil matter triable to a jury, a criminal matter, or any other proceeding that could result in incarceration, and the statement relates to:

>   **(1)** the character, credibility, reputation or criminal record of a party, suspect in a criminal investigation or witness, or the identity of a witness, or the expected testimony of a party or witness;
>
>   \*\*\*
>
>   **(5)** information the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudicing an impartial trial.

ARK. R. PROF. COND. 3.6. Plaintiff's counsel has impugned the character of the Defendant in the press by painting it as both lawless in violating FOIA and having turned a blind eye to serial sexual assaults on minors. Plaintiff's counsel has further stated to the media that he is seeking criminal prosecution of Defendant's officials for their actions or inactions regarding the underlying facts in this case. These statements are *prima facie* violations of Rule 3.6 (a)(1). The Plaintiff has demanded a jury trial, and while the average juror may not understand the technical niceties of Arkansas FOIA law, it is not at all a stretch to say the average juror will know exactly what Plaintiff's counsel means by "children in the school district sexually assaulted multiple times." The average juror can certainly understand what it is to have school district officials prosecuted for their handling of incidents related to a Title IX investigation. It is difficult to imagine a statement that would harm the character or reputation of a party more than the explicit statement that it knowingly allowed minor children to be sexually abused. The Defendant denies that it knew about the sexual abuse as the Plaintiff alleges. Due process means that the Defendant should get the fair opportunity to develop and present that defense on the merits to a panel of jurors who have not been already swayed by Plaintiff's counsel's statements to the media. Plaintiff's counsel has also made comments to the press conflating the Arkansas state Court FOIA action with this action. The conduct of the Defendant in the Arkansas FOIA case is highly likely to be inadmissible in this case, violating Rule 3.6 (a)(5). What possible purpose do the statements trying to run the two

cases together in the public and press serve, other than to plant the seed in the minds of potential factfinders that the Huntsville School District knowingly allowed children in its care to be sexually abused and is now trying to cover up that abuse?

The Court should, at this early stage of the litigation in this matter, nip the "trial by media" in the bud, and order both all case participants- attorneys and parties- from commenting to the press or on any platform accessible to the press- including but not limited to social media on matters related to this case.

SO THIS COURT SHOULD HOLD.

Respectfully Submitted,
Huntsville School District, Defendant

By: /s/ Steven S. Zega
Charles L. Harwell, Arkansas Bar Number 82074
Steven S. Zega, Arkansas Bar Number 93234
Crouch, Harwell, Fryar & Ferner, PLLC
111 Holcomb, P.O. Box 1400
Springdale, AR 72765-1400
(479) 751-5222
(479) 751-5777 (fax)
charwell@nwa.law
szega@nwa.law

CERTIFICATE OF SERVICE

I, Steven S. Zega, attorney at law, hereby certify that I placed a true and correct copy of the foregoing document in the United States Mail with adequate first-class postage affixed and addressed to:

Joey McCutchen, Esq.
Sam "Chip" Sexton, III, Esq.
Stephen Napruno, Esq.
McCutchen, Sexton, Napruno, The Law Firm
P.O. Box 1971
Fort Smith, AR 72902
(and via email to jmccutchen@muccutchenlawfirm.com)

on this _____ day of October, 2021, in accordance with the Federal Rules of Civil Procedure.

/s/ Steven S. Zega
Steven S. Zega