# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**REBECCA NELLE, as Mother and Next Friend**                    **PLAINTIFF**
**of B. N., a Minor Child**

      **v.**                                 **CASE NO. 5:21-cv-5158**

**HUNTSVILLE SCHOOL DISTRICT**                               **DEFENDANT**

## RESPONSE TO MOTION TO INTERVENE

The Court should deny the Motion to Intervene (Docket No. 15) filed by Madison County Record, Inc. ("the Record"). Based upon Eighth Circuit precedent and the facts at issue in the present case, specifically including the sensitive nature of information about minors which will be involved therein, intervention is inappropriate. The Record's common law right to access judicial records is greatly outweighed by the privacy concerns involved in this case.

The Defendant does not dispute that "there is a common-law right of access to judicial records." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). That common law right, however, "is not absolute." *Id.*, citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 98 S.Ct. 1306 (1978). Rather, the right to access judicial records "requires a weighing of competing interests." *Webster Groves School Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). In deciding whether to limit public access, this Court has "supervisory power over its own records," as well as "sound discretion," which is "to be exercised in light of the relevant facts and circumstances of the particular case." *Id.*, quoting *Nixon*, 435 U.S. at 599, 98 S.Ct. at 1312-1313. Trial courts are given deference in this matter, and the Eighth Circuit does not recognize a "'strong presumption' favoring access" like some circuits do. *Id.*, quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986).

In its Brief (Docket No. 16), the Record seems to conflate the common law right of access to judicial records with a theoretical First Amendment right of such access. A common law right undisputedly exists. *Webster Groves School Dist.*, *supra.* A First Amendment right of access to judicial records in a criminal case has also been broadly recognized, though that right, too, "is qualified and subject to limitations." *PG Pub. Co. v. Aichele*, 705 F.3d 91, 98 (3rd Cir. 2013). See also *Webster Groves School Dist.*, *supra.* In the scope of civil proceedings, however, "[t]his circuit has not decided whether there is a First Amendment right of public access to the court file. . . ." *Flynt*, 885 F.3d at 512, quoting *IDT Corp v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). See also *Webster Groves School Dist.*, *supra.* As such, it is necessary that the Court focus its attention on the actual rights afforded to the Record in the Eighth Circuit, which is limited to a common law right of access.

It is also necessary that the Court recognize that the Record, though an esteemed member of the press in Madison County, Arkansas, is not afforded any special consideration or standing other than that given to every other curious bystander. The right of access to judicial records "does not guarantee the press . . . special access to information not available to the public generally." *PG Pub. Co.*, 705 F.3d at 99, quoting *Branzburg v. Hayes*, 408 U.S. 665, 684, 92 S.Ct. 2646, 2646 (1972). Those cases refer back to the First Amendment right of access which has not been recognized in the Eighth Circuit, but the underlying principle is the same for the common law right of access. See *Webster Groves School Dist.*, *supra*.

The Record seeks to intervene in this case for the limited purpose of opposing the Defendant's pending Motion to Seal Case (Docket No. 13). The Defendant does not dispute that in the right case, the Record might have the privilege of intervening in a civil proceeding for this

limited purpose; the cases which the Record cites in its Brief support that privilege. This, however, is not the right case. This case involves sensitive facts about minor children who have been either accused of or the victims of fairly serious acts of sexual harassment and sexual abuse. Litigating this case will necessarily require detailed discussion of those acts, along with identification by name of the minors. It is entirely plausible that one or more of these children will be required to testify and, in such testimony, be asked to describe what happened to them and who did it. For the sake of these children (both the accused and the victimized), the Defendant asks the Court to seal this case.

The Record, though, while it very well may be interested in the public's access to this proceeding, is also interested in its own circulation. That circulation stands to be bolstered or sustained by the sensationalism of this situation. This type of self-interest is permitted both by the freedom of the press in the First Amendment and the common law right of access to judicial records discussed above. Such self-interest, though, must be tempered by the rights and needs of the minors at issue in this case. See *Webster Groves School Dist.*, *supra* at 1375 ("We take this view because this case involves a handicapped child proceeding under the EHA, records and testimony regarding his disability, and his educational records. Under any qualified right of access of which we can conceive, the District Court properly granted the motion of [the minor]'s guardian to shelter the proceedings from public view.")

While Ms. Kreth's Affidavit states that the Record has "made the editorial decision not to identify the victims or their families . . . ," there is nothing to prevent it from changing its mind. As the Eighth Circuit has previously posited, "We cannot unseal the record and then restrict dissemination of the sensitive information therein." *Id.* at 1377, citing *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029 (1975). Furthermore, Ms. Kreth's Affidavit makes no such

statements with regard to protecting the privacy of the alleged perpetrators of these acts, who are entitled to the same protections as any other juvenile. Lastly, the Record's Motion, Brief, and accompanying Affidavit all gloss over the key point the Defendant makes in its Motion to Seal: In a town the size of Huntsville and a district the size of the Huntsville Schools, refraining from identifying the victims and perpetrators by name is a wholly ineffective way to guarantee the privacy of these children and their families, especially given the context of the factual allegations in the Complaint. Publishing details about what happened will put into the public fish bowl the last – but important – private psychological space these children and their families have left.

The Supreme Court "has confirmed that 'safeguarding the physical and psychological well-being of a minor' is a 'compelling' state interest." *Webster Groves School Dist.*, 898 F.2d at 1375, quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607, 102 S.Ct. 2613, 2620 (1982). As the Eighth Circuit recognized in the *Webster Groves School Dist.* case, "[t]he privacy of juveniles is protected by the legislatures and the courts of this country in a variety of ways." *Id.* In Arkansas, for example, there are extensive privacy provisions established for all court records involving minors, including adoption records, juvenile criminal proceedings, and delinquency adjudications. Ark. Code Ann. § 9-27-309. There are further restrictions in place which prohibit the unauthorized disclosure of information about child maltreatment. Ark. Code Ann. § 12-18-205. Federally, the Family Educational Rights and Privacy Act ("FERPA") and the regulations thereunder prohibit – and even punish – a school's release of a student's records or personally identifiable information to unauthorized persons. 20 U.S.C. § 1232g(b); 34 C.F.R. § 99.30. "These measures all reflect a strong public policy favoring the special protection of minors and their privacy where sensitive and possibly stigmatizing matters are concerned." *Webster Groves School Dist.*, 898 F.2d at 1375.

This Court is tasked with the job of deciding which of these interests weighs out. "Whether the common-law presumption can be overcome is determined by balancing 'the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" *Flynt*, 885 F.3d at 511, quoting *IDT Corp.*, 709 F.3d at 1223. The Court in *Webster Groves School Dist.* cited a similar balancing test: "Whether we apply a constitutional standard or a common law standard, the result is the same: Pulitzer's interest in access to the records in this case clearly is outweighed by [the minor]'s privacy interest and the state's interest in protecting minors from the public dissemination of hurtful information." 898 F.2d at 1377.

This Court should find the same. "In these judicial proceedings," brought pursuant to Title IX of the Civil Rights Act, "a great deal of . . . statutorily protected information inevitably will be placed before" the Court, and "[i]n order to safeguard the confidentiality of such information. . . , it therefore is appropriate to restrict access to the courtroom and the court file." *Id.* at 1375. The Record has a qualified right to access the records in this case, but that right simply does not outweigh the interests of protecting the minors involved from the publication of private, embarrassing, and potentially harmful information.

The Record may reply that all of the above goes to the merits of the Motion to Seal and is not dispositive as to the issue of whether it should be allowed to intervene in this case. The two questions, though, are one. If the Court considers the foregoing discussion of whether or not the Record is entitled to access the records in this civil proceeding and determines that no such access is permissible, then allowing the Record to intervene in this case at all is a waste of the Court's time and resources  In the *Webster Groves School Dist.* case, the Court of Appeals took both questions

up at once, determining first that access to the records as impermissible, and then dealing with the question of intervention. "Such intervention is discretionary with the trial court, with its ruling to be reviewed only for abuse of discretion." *Webster Groves School Dist.*, 898 F.2d at 1377, citing *NAACP v. New York*, 413 U.S. 345, 93 S.Ct. 2591 (1973). The appellate court reasoned that the "purpose of Pulitzer's motion was to gain access to the proceedings [and] the District Court gave Pulitzer and full and fair opportunity to be heard on its arguments as to why it should have such access." Failing on that point, there was no abuse of discretion in then denying the pending motion to intervene. *Id.* Likewise, since the Record cannot establish that its common law right of access to judicial records outweighs the privacy concerns in this case, then this Court does not abuse its discretion in preemptively denying the Record's Motion to Intervene.

WHEREFORE, the Defendant, Huntsville School District, prays that the Court deny the Motion to Intervene filed by Madison County Record, Inc., grant its pending Motion to Seal Case, and award any and all further relief to which it may be entitled.

Respectfully submitted,

HUNTSVILLE SCHOOL DISTRICT, Defendant

CROUCH, HARWELL, FRYAR & FERNER, PLLC
Its Attorneys
111 Holcomb Street
P.O. Box 1400
Springdale, AR 72765-1400
479-751-5222
charwell@nwa.law
szega@nwa.law
mfryar@nwa.law

　　/s/ Matthew L. Fryar
Charles L. Harwell, ABA #82074
Steven S. Zega, ABA #93234
Matthew L. Fryar, ABA #09121

## **CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed with the Clerk of the Court the foregoing using the CM/ECF system, which shall send notification of such filing to all counsel of record.

Dated this 4th day of November, 2021.

    /s/ Matthew L. Fryar