IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REBECCA NELLE,                                                                                    PLAINTIFF
as mother and Next Friend of B.N., a minor

V.                              CASE NO. 5:21-CV-05158

HUNTSVILLE SCHOOL DISTRICT                                                       DEFENDANT

V.

MADISON COUNTY RECORD, INC.                                                       INTERVENOR

## ORDER GRANTING MOTION TO INTERVENE

This is a case brought on behalf of a minor student against Huntsville School District ("the School District") pursuant to Title IX of the Education Amendments of 1972. Currently before the Court is the Motion to Intervene (Doc. 15) by the Madison County Record, Inc. ("the Record") and Brief in Support (Doc. 16). The Record seeks to intervene to oppose the School District's pending Motion to Limit Pretrial Publicity (Doc. 10). The School District has filed a Response in Opposition to the Motion to Intervene (Doc. 19).

The Record seeks to intervene under Rule 24(b) of the Federal Rules of Civil Procedure, which governs permissive intervention. Rule 24(b)(1)(B) provides that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "Normally, parties seeking permissive intervention pursuant to Rule 24(b) must show: (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common." *Flynt v. Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015) (citing *United States v. Union Elec. Co.*, 64 F.3d 1152, 1170 n.9 (8th Cir.

1

1995)). However, the Eighth Circuit held in *Flynt* that "when a party is seeking to intervene only to modify a protective order or unseal documents, and not to litigate a claim on the merits, an independent basis of jurisdiction is not required." *Id.* at 967. This reasoning applies equally to the case at bar, where the Record is seeking only to oppose a limitation on the public's access to these proceedings. Therefore, the Record is not required to show an independent basis for jurisdiction.

The Record "wishes to intervene for the limited purpose of protecting the public's right to the judicial proceedings, including the public statements of counsel and parties." (Doc. 16, p. 2). The Record "has covered and will continue to cover the allegations" that underlie this case. *Id.* at p. 1. Because the Record is not seeking to become a party to this litigation, its interest in protecting both its own and the public's access to these proceedings is sufficient to create a common question of law between its claims and the original action. *See Flynt*, 782 F.3d at 967 (finding that "it is the public's interest in the confidentially of the judicial records that—in the language of Rule 24(b)(2)—is a question of law in common between the Parties to the original suit and the would-be intervener") (cleaned up).

The School District argues that this case's sensitive subject matter outweighs any interest the Record has to access court proceedings. However, the Record is not seeking to litigate the merits of this case or be granted access to any future discovery or sealed filings. Therefore, allowing the Record to intervene for its limited purpose does not, on its own, directly implicate the privacy interests at stake in this case. Moreover, those privacy interests are the basis for the School District's pending Motion to Seal Case (Doc. 13) and are implicated by the pending Motion to Limit Pretrial Publicity (Doc. 10). It would be

inappropriate to deny the Record's Motion to Intervene on grounds that presuppose the veracity of the School District's factual and legal contentions in its pending motions. At this point, the Record has not had an opportunity to fully brief those issues and is merely seeking that opportunity.

Finally, Rule 24(b)(3) requires that the Court "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." The Record filed its Motion to Intervene less than a week after the School District filed its Motion to Limit Pretrial Publicity, and as of the filing of this Order, that motion is not yet ripe for decision. As such, the Record's intervention will neither cause undue delay nor prejudice any parties' rights.

Therefore, the Record's Motion to Intervene (Doc. 15) is **GRANTED**. The Record is **ORDERED** to file its response to the School District's Motion to Limit Pretrial Publicity (Doc. 10) by Friday, November 12, 2021.

**IT IS SO ORDERED** on this 8th day of November, 2021.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE