IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REBECCA NELLE,                                                                                    PLAINTIFF
as mother and Next Friend of B.N., a minor

V.                                         CASE NO. 5:21-CV-05158

HUNTSVILLE SCHOOL DISTRICT                                                         DEFENDANT

ORDER APPROVING SETTLEMENT AGREEMENT

Rebecca Nelle brought this suit on behalf of her son B.N., a minor, against Huntsville School District ("the School District") pursuant to Title IX of the Education Amendments of 1972. Ms. Nelle's Amended Complaint (Doc. 51) alleged that during the 2020–2021 school year, B.N. was an eighth grader at Huntsville Middle School in Huntsville, Arkansas, where he played on the school's basketball team. Ms. Nelle alleged B.N. and other eighth-grade team members were sexually assaulted by ninth-grade team members. Ms. Nelle further alleged that school administrators knew of this abuse and failed to prevent or remedy it, in violation of the School District's duty under Title IX. The Amended Complaint sought damages for physical harm, grief, and other permanent emotional harm suffered by B.N.

Currently before the Court are Ms. Nelle's Petition to Dispense with Appointment of Guardian of the Person and Estate and for Approval of Compromise Settlement (Doc. 60), the parties' proposed Settlement Agreement, and the parties' proposed Complete Release of Claims and Covenant Not to Sue. The Settlement Agreement was approved by a vote of the Board of the Huntsville School District on July 25, 2022. Because B.N. is a minor who lacks the capacity to settle this case, the parties now ask the Court to

1

approve the Settlement Agreement. A hearing to consider the settlement was held on August 25, 2022.

"District courts have a special duty . . . to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)). Similarly, under Arkansas law, "the interests of a minor cannot be compromised by a guardian without approval by the court. It is not sufficient that a court be made aware of a compromise agreement and that it is agreeable to the guardian; rather, the court must make a judicial act of investigation into the merits of the compromise and into its benefits to the minor." *Davis v. Off. of Child Support Enf't*, 322 Ark. 352, 355–56 (1995) (citations omitted).

In making this inquiry, courts consider whether the monetary settlement is adequate compensation for the injuries the minor suffered. *See J.R. by & through Ringer v. Lakeport Unified Sch. Dist.*, 2019 WL 6219034, at *2 (N.D. Cal. Nov. 21, 2019). The monetary amount is weighed against the strength of the minor's claim, including the possibility the minor may receive no recovery if the case continued to trial. *See id.* Courts also consider the reasonableness of any attorney fees the settlement designates for the plaintiff's counsel. *In re $139,000.00 in Interpleaded Funds*, 2017 WL 700148, at *3 (W.D. Ark. Feb. 22, 2017). Other, less tangible benefits to the minor are also important, such as not having to testify at trial. *See J.R. by & through Ringer*, 2019 WL 6219034, at *3.

Here, the material terms of the Settlement Agreement are:

1. Payment to Plaintiff of nominal damages in the amount of $1.00
2. Admission of liability by the School District
3. Title IX training for School District teachers and administrators.[1]
4. Plaintiff's return or destruction of all discovery documents provided by the School District and a joint request that the Court's previous orders regarding the sealing of documents and records that could identify minor children will remain permanently in effect
5. Waiver of the Plaintiff's claim for attorney's fees and costs
6. Plaintiff's release of all claims against the School District

See Doc. 60, pp. 4–7.

Plaintiff's counsel argues this agreement is in B.N.'s best interest because the School District's admission of liability and Title IX training will help prevent the type of abuse B.N. suffered from recurring. Plaintiff's counsel further argues the settlement will allow B.N. to avoid the anxiety of trial and the disruption trial would have on B.N.'s schoolwork. Plaintiff's counsel represents that B.N. supports this settlement.

Meritorious Title IX cases involving the type of abuse suffered by B.N. have resulted in significant monetary awards to compensate the minor for the severe emotional trauma they endured. *See, e.g.*, *J.R. by & through Ringer*, 2019 WL 6219034, at *1–3. Here, Plaintiff's counsel argues nominal damages are acceptable because a recent change in the law has severely limited B.N.'s potential damages.

In April of this year, the Supreme Court held that emotional distress damages are not available for actions brought under the anti-discrimination provisions of the Rehabilitation Act and Affordable Care Act, both of which were enacted under Congress's Spending Clause power. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576, *reh'g denied*, 142 S. Ct. 2853 (2022). In *Cummings*, the Supreme Court reasoned

---

[1] The School District informs the Court that this training has already taken place.

that, because Spending Clause statutes represent a contractual agreement between the federal government and the recipients of federal funding, only "the *usual* contract remedies" are available to private plaintiffs suing a funding recipient. *Id.* at 1571 (emphasis in original). According to the Supreme Court, damages for emotional distress are not a usual contract remedy and are not recoverable. The Supreme Court also explained that the remedies available under the Rehabilitation Act and Affordable Care Act have been interpreted in tandem with the remedies available under two other Spending Clause statutes, Title VI and Title IX. *See id.* at 1570.

Therefore, it appears *Cummings* applies with equal force to discrimination claims under Title IX, limiting plaintiffs to pecuniary damages only. *See Doe v. Bd. of Regents of Univ. of Neb.*, 2022 WL 3566990, at *4 (D. Neb. Aug. 18, 2022) (interpreting *Cummings* to preclude emotional distress damages under Title IX). Plaintiff's counsel represents that the only pecuniary harm B.N. suffered is medical expenses for fewer than ten mental health treatments he received.

Having considered the effect of *Cummings* on B.N.'s claim for damages, the Court finds the Settlement Agreement's award of nominal damages—while not completely compensating B.N.'s pecuniary injuries—is reasonable. Moreover, the School District's admission of guilt and Title IX training are benefits that serve the interests B.N. sought to vindicate by bringing this lawsuit. Settling this matter now to avoid an emotionally fraught trial—that cannot result in any significant damages award—also benefits B.N. Therefore, the Court finds that the Settlement Agreement is in B.N's best interest.

The Court notes for the record the parties' joint request in the Settlement Agreement that the Court's previous orders regarding the sealing of documents and

records that could identify minor children become permanent. Of course, the parties cannot bind this Court, or any other court, from unsealing documents in this case if the law requires that result. The Court notes, however, that all documents under seal in this case were sealed to protect the identities of minor victims, and unsealed, redacted versions of those documents have already been filed where possible. At this juncture, the Court does not foresee that cause would exist to unseal any of these documents.

Ms. Nelle also asks the Court to find that the monetary settlement does "not meet the [$5,000] threshold under Arkansas law to necessitate the opening of a guardianship of the person and estate of the minor" and that Ms. Nelle may execute the settlement documents on B.N.'s behalf. (Doc. 60, pp. 1–2). The Court observes that Arkansas's procedural requirements for minors' estates do not appear to apply in this federal proceeding brought under a federal statute. Nevertheless, the Court **ORDERS** that Ms. Nelle is authorized to execute the Settlement Agreement and release of claims on behalf of B.N. and that the monetary proceeds of $1.00 be paid directly to Ms. Nelle, for the benefit of B.N., upon execution of the Settlement Agreement.

For these reasons, the Petition to Dispense with Appointment of Guardian of the Person and Estate and for Approval of Compromise Settlement (Doc. 60) is **GRANTED.** The parties are **ORDERED** to file a joint stipulation of dismissal no later than September 9, 2022.

**IT IS SO ORDERED** on this 7th day of September, 2022.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE